**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **RUSSELL EDOUARD ROBINSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2020-0117 |
| | ) |
| **FEDERAL AVIATION ADMINISTRATION** | ) |
| and **NATIONAL TRANSPORTATION** | ) |
| **SAFETY BOARD,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Appearances:**
**Russell Edouard Robinson,** *Pro Se*
St. Thomas, U.S.V.I.

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendants Federal Aviation Administration and*
       *National Transportation Safety Board*

**MEMORANDUM OPINION AND ORDER**

**Lewis, District Judge**

THIS MATTER comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), in which Magistrate Judge George W. Cannon, Jr. recommends that the instant matter be dismissed for failure to prosecute. (Dkt. No. 14). Also before the Court are Plaintiff Russell E. Robinson's "Motion Requesting an Order in the Nature of Mandamus be Issued Due to Default of Captioned Defendants" ("Motion for Default Judgment") (Dkt. No. 29) and "Motion Seeking Miscellaneous Relief with Attachments" ("Motion for Judicial Notice") (Dkt. No. 30). For the reasons that follow, the Court will reject the R&R as moot, and deny the Motion for Default Judgment and the Motion for Judicial Notice.

## I. BACKGROUND

On December 16, 2020, Plaintiff filed a Complaint against Defendants Federal Aviation Administration ("FAA") and National Transportation Safety Board ("NTSB"). (Dkt. No. 1). In his Complaint, Plaintiff seeks a petition for writ of mandamus directing the FAA and the NTSB to correct records—related to the revocation of his airman certificates—released by both agencies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552(a) ("Privacy Act"), that he alleges "contain false and fraudulent statements/information." *Id.* at 2. Plaintiff alleges that he sent two letters to the FAA and the NTSB, dated December 24, 2019 and June 9, 2020, respectively, but the agencies have not acknowledged receipt of his request nor provided records containing the requested corrections.[1] *Id.* at 3. Due to an alleged lack of response by the FAA and the NTSB, Plaintiff asserts that he is precluded from "seeking any normal judicial review," because he cannot file suit until he has exhausted his administrative remedies. *Id.*

After concluding that Plaintiff had not paid the required filing fee or submitted an *in forma pauperis* application, and had not listed defendants in his Complaint, the Magistrate Judge directed Plaintiff to file an Amended Complaint. (Dkt. No. 2). After paying the filing fee, Plaintiff then filed an Amended Complaint incorporating the originally filed Complaint and attaching exhibits thereto. (Dkt. No. 4).

---

[1] In the December 24, 2019 letter allegedly sent to the FAA, Plaintiff requests that certain information in his FAA revocation order be amended, and that the NTSB's "Order Granting Administrator's Motion for Summary Judgment" be removed from the FAA's records. (Dkt. No. 1-3). In his June 9, 2020 letter allegedly sent to the NTSB, Plaintiff requests that the NTSB remove alleged fraudulent statements from the FAA's revocation proceedings and the NTSB's records. (Dkt. No. 1-2).

Following the issuance of Orders to Show Cause directed at Plaintiff's service of process failures or deficiencies, and Plaintiff's responses thereto, the Magistrate Judge issued an R&R on April 25, 2022 recommending the dismissal of Plaintiff's action for failure to prosecute because Plaintiff had not properly served the named defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Dkt. No. 14). Specifically, the Magistrate Judge noted that "no summons [had] been issued, service [had] not been made upon any defendants, nor [had] Plaintiff filed any motion to extend time for service." *Id.* at 2.

On September 8, 2022, Plaintiff filed a Notice of Filing, attaching an Affidavit of Service, Proof of Service, and copies of certified mail return receipts reflecting that service had been made on the United States Attorney's Office for the District of the Virgin Islands, the U.S. Attorney General, the FAA, and the NTSB. (Dkt. No. 27).

In the instant Motion for Default Judgment, Plaintiff requests that, due to the FAA's and the NTSB's alleged failure to appear, the Court enter an order directing the FAA and the NTSB to correct the agencies' records to "remove any and all false, fabricated, fraudulent assertions and statements, as relied upon in FAA revocation order Case Number 2008SO780027, specifically at page 2, paragraphs 2, 4, and 5." (Dkt. No. 29 at 2). In the Motion for Judicial Notice, Plaintiff requests, *inter alia*, that the Court take judicial notice of two letters dated September 18, 2022 and October 20, 2022 that he allegedly mailed to the FAA and the NTSB. (Dkt. No. 30).

On February 27, 2024, a Notice of Appearance was filed by counsel on behalf of the FAA and the NTSB. (Dkt. No. 33).

## II. DISCUSSION

### A. Magistrate Judge's R&R

To pursue an action against a United States agency, the United States must be served with process. Fed. R. Civ. P. 4(i)(2). As is relevant here, "[i]n order to serve the United States, a party must do two things. First, [the party] must deliver a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought. . . . Second, the party must send a copy of the summons and complaint to the Attorney General in Washington, D.C." *Gish v. Att'y Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015) (citing Fed. R. Civ. P. 4(i)(1)). To serve the agency, a party must "send a copy of the summons and of the complaint by registered or certified mail" to the agency. Fed. R. Civ. P. 4(i)(2).

Plaintiff has provided evidence that he completed service on the FAA and the NTSB. Via his Affidavit of Service and Proof of Service, Plaintiff contends that he served the United States by personally serving the U.S. Attorney for the District of the Virgin Islands and sending copies of the Summons and Complaint to the U.S. Attorney General in Washington, D.C. (Dkt. Nos. 27-1, 27-2). With regard to service on the agencies, the Affidavit of Service also states that copies of the Summons and the Complaint were mailed to the FAA and the NTSB. (Dkt. No. 27-1). Further, Plaintiff has attached copies of the return receipts showing mailings to the U.S. Attorney General, the FAA, and the NTSB. (Dkt. No. 27-3). Because Plaintiff has provided evidence that he effectuated service on the FAA and the NTSB, the Court will not adopt the recommendation in the R&R to dismiss this matter for failure to prosecute.[2] The service issues upon which the R&R was based have now been rendered moot.

---

[2] Because the FAA and the NTSB were not served within 90 days of the filing of his Amended Complaint—as required by Fed. R. Civ. P. 4(m)—and Plaintiff did not file a motion to extend the time, it is clear that Plaintiff failed to timely effectuate service. While Plaintiff has not met his burden of showing good cause to extend the time for service, the Court will exercise its discretion

4

B.     **Motion for Default Judgment**

The Court will deny Plaintiff's Motion for Default Judgment. First, Plaintiff appears to assert that the FAA and the NTSB are in default because they have not appeared in the instant action, and that due to this default, he is entitled to an Order directing the FAA and the NTSB to correct their records. (Dkt. No. 29 at 2). However, Plaintiff has not obtained an entry of default from the Clerk of Court as required by Rule 55(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Because Plaintiff has not shown that default was entered against the FAA or the NTSB, the Court cannot grant Plaintiff's request for a default judgment. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (internal citation and quotation marks omitted)); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) ("[T]he District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment.").

Moreover, the Third Circuit has expressed a preference for resolving cases on the merits rather than via the entry of defaults or default judgments. *Emerson Radio Corp. v. Emerson Quiet Kool Co.*, No. 22-1809, 2023 WL 4453604, at *3 (3d Cir. July 11, 2023) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) ("'[T]his court does not favor

---

and grant Plaintiff additional time for service, *nunc pro tunc*, considering Plaintiff's *pro se* status and his prior attempt—albeit unsuccessful—at effectuating service on the agencies. *Christopher v. Dir. of Virgin Islands Bureau of Internal Revenue*, Civil Action No. 2010-0058, 2014 WL 3733774, at *3 (D.V.I. July 29, 2014) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)) ("Absent a showing of good cause, the Court may still give a plaintiff an opportunity to cure a deficiency in service.").

entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"); *Hritz v. Woma Corp*., 732 F.2d 1178, 1181 (3d Cir. 2004) (internal citations omitted) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). Thus, even if Plaintiff had obtained an entry of default against the FAA and the NTSB prior to requesting a default judgment, the Court would exercise its discretion to deny Plaintiff's request for default judgment because the FAA and the NTSB have now appeared in this action. (Dkt. No. 33). The issue of default is now moot.

For these reasons, Plaintiff's Motion for Default Judgment will be denied.

**B.     Motion for Judicial Notice**

In his Motion for Judicial Notice, Plaintiff requests that the Court take judicial notice of two letters dated September 18, 2022 and October 20, 2022 that he allegedly mailed to the FAA and the NTSB. (Dkt. No. 30). In both letters, Plaintiff seeks written clarification from the FAA regarding issues pertaining to the alleged seizure of his aircraft by federal authorities. (Dkt. Nos. 30-1 and 30-2). Plaintiff asserts, *inter alia,* that the letters are "proof positive" that both the FAA and the NTSB *received notice* regarding the instant action as the case name is mentioned in each letter. (Dkt. No. 30 at 1).

Pursuant to Rule 201(b), a court may take judicial notice of adjudicative facts, *i.e*., facts adjudicated to the point that the matter is "beyond reasonable controversy." Fed. R. Evid. 201(b), Advisory Committee Note to Subdivision (b). A judicially noticed fact is one that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

The issue of whether the FAA and the NTSB *received notice* of the instant action from the two letters that Plaintiff allegedly mailed to the agencies is not one that is subject to judicial notice based on the record before the Court. Whether these particular letters were in fact mailed or received are both subject to "reasonable controversy."[3] Therefore, the Court will deny Plaintiff's Motion for Judicial Notice.[4]

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 14) is **REJECTED AS MOOT**; and it is further

**ORDERED** that Plaintiff Russell Edouard Robinson's Motion for Default Judgment (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Judicial Notice (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Plaintiff by certified mail, return receipt requested.

**SO ORDERED.**

Date: March 31, 2024 _____/s/_____
WILMA A. LEWIS
District Judge

---

[3] Notwithstanding the questionable nature of the mailing or receiving of the letters, the Court notes that both letters are addressed to the Office of the Chief Counsel of the FAA, thus raising a question as to whether—if mailed—either of the two letters was sent to the NTSB.

[4] In addition to the fact that the letters are not subject to judicial notice, the Court notes that, because Plaintiff has provided evidence that he effectuated service upon the FAA and the NTSB, the basis upon which Plaintiff apparently sought to have the letters judicially noticed—namely, that the agencies received notice of the instant proceeding because the letters mention this matter—is seemingly rendered moot.