**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| RUSSELL EDOUARD ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL AVIATION ADMINISTRATION, ) <br> and NATIONAL TRANSPORTATION ) <br> SAFETY BOARD, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2020-00117 |

**Appearances:**
**Russel Edouard Robinson**
    *Pro Se*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants the Federal Aviation Administration ("FAA") and the National Transportation Safety Board's ("NTSB") (collectively, "Defendants") "Motion to Dismiss" ("Motion") (Dkt. No. 45) Plaintiff Russell Edouard Robinson's ("Robinson") "Nunc Pro Tunc Resubmission of Mandamus/FOIA/PA Complaint" ("Amended Complaint") (Dkt. No. 4). Defendants seek to dismiss Robinson's action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 46 at 1). For the reasons that follow, the Court will grant Defendants' Motion to Dismiss and dismiss the Amended Complaint.

1

I.  BACKGROUND

Robinson filed a "Petition for 28 U.S.C. § 1361 Mandamus or FOIA/PA Judicial Review Request" ("Complaint") (Dkt. No. 1) on December 16, 2020.  Robinson alleges that the FAA and the NTSB maintain "false and or fraudulent records/information" regarding Plaintiff in their files. *Id.* at 1 (emphasis omitted).  The records allegedly relate to "certain documents that the FAA and the NTSB utilized to initiate and sustain an administrative action," *id.*, against Plaintiff pursuant to 49 U.S.C. § 44710.  The circumstances of Robinson's 2005 conviction that led to the lifetime revocation of his airman certificate, as well his subsequent appeals related to the revocation of the airman certificate, have been documented previously by this Court.  *See Robinson v. Elwell*, 2022 WL 19078165 at *1-2 (D.V.I. Sept. 22, 2022), *report and recommendation adopted*, 2023 WL 2563176 (D.V.I. Mar. 17, 2023).

Robinson refiled his Complaint on February 18, 2021 as the Amended Complaint,[1] incorporating his prior Complaint and its exhibits "as if set forth fully herewith, and realleged fully herein." (Dkt. No. 4 at 1 (emphasis omitted)).  The crux of Robinson's claims is that the FAA and the NTSB allegedly "have consistently released via FOIA/PA the same documents that contain false and fraudulent statements/information." (Dkt. No. 1 at 2 (emphasis omitted).  Robinson states that he "authored two (2) distinct letters . . . respectfully requesting that both the FAA and the NTSB simply correct the records" yet "[t]o date no corrected records have been released to Robinson or even acknowledgment of receipt of letters seeking correction of the information."[2]

---

[1] Further details related to the filing and refiling of the Complaint were documented in this Court's Memorandum Opinion and Order entered on March 31, 2024.  *Robinson v. FAA*, 2024 WL 1367826 (D.V.I. Mar. 31, 2024) (Dkt. No. 43).

[2] The Court observes that Robinson appears to have received at least one letter acknowledging receipt of a Privacy Act Request from the FAA on March 26, 2020, as he included such a letter as an exhibit to his Complaint.  (Dkt. No. 1-1).

2

(Dkt. No. 1 at 2). Robinson claims that the FAA and NTSB's failure to respond "precludes Robinson from seeking any normal judicial review, as no suit can be filed pursuant to FOIA/PA challenges until all agency administrative remedies have been exhausted." *Id.* at 3.

In his Complaint, Robinson requests six forms of relief related to the allegedly "false and or fraudulent records/information" maintained by the FAA and NTSB: (1) that "Discovery be ordered if agency cannot perform"; (2) "Convert this from Mandamus to a FOIA/PA Judicial Review if court feels it necessary"; (3) "An evidentiary hearing be held"; (4) "Robinson be permitted to appear pro se"; (5) "This court enter any and all necessary orders, that grants relief by having the agencies concerned purge their files of the false and fraudulent information"; and (6) "Grant this mandamus action in full and any and all other relief deemed just, fair, necessary and equitable." *Id.* at 4. The Amended Complaint, which fully incorporates the Complaint, remains the operative Complaint in this case.[3] (Dkt. No. 86 at 2).

In their Motion, Defendants claim that "[o]n March 18, 2018, the FAA responded to a December 19, 201[7], letter Robinson sent to then President Trump regarding the status of a FOIA request for transcripts of FAA proceedings concerning the revocation of his airman certificates." (Dkt. No. 46 at 3). Defendants also allege that "[o]n March 26, 2020, the FAA acknowledged receipt of Robinson's Privacy Act amendment request." *Id.* at 4. Defendants characterize "the alleged 'falsities'" that Robinson disputes as relating to "defendants' reliance on allegations contained in the Superseding Indictment in *Hendricks*,[4] for which Robinson alleges he was

---

[3] Although Robinson subsequently filed a Second Amended Complaint (Dkt. No. 67), he later moved to withdraw that Complaint. (Dkt. No. 85). Magistrate Judge Emile Henderson III granted the motion to withdraw and ordered the Second Amended Complaint stricken. (Dkt. No. 86 at 2).

[4] Robinson was convicted in 2007 in *United States v. Hendricks, et al.*, Case No. 24-cr-0005. His conviction was affirmed by a panel of the Third Circuit in 2008. *United States v. Fleming*, 287 F. App'x 150 (3d Cir. 2008).

3

acquitted by a jury, to revoke Robinson's airman certificates." *Id.* Defendants also state that Robinson "was aware of the FAA Administrator's Order" revoking his airman certificate "[a]s early as September 2008 . . . but [] waited until December 2019" to make his requests under the Privacy Act. *Id.* at 2. Robinson filed an "Opposition to Government's Motion to Dismiss" ("Opposition") (Dkt. No. 50), and Defendants filed a "Reply to Opposition" ("Reply") (Dkt. No. 51). Robinson then filed a "Sur-reply to ECF # 51 Filed 4/26/2024 by Defendants" ("Surreply") (Dkt. No. 52) without leave of the Court.[5]

## II. APPLICABLE LEGAL PRINCIPLES

### A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction, and that subject matter jurisdiction must exist in each case. *See Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021) ("Federal courts are courts of limited jurisdiction, and without subject-matter jurisdiction, they lack authority to address the merits of a case."). When there is a question about the Court's authority to hear a dispute, "it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Est. of Tomei by Flandreau v. H&H Mfg. Co.*, 799 F. App'x 143, 143 (3d Cir. 2020).

---

[5] In Robinson's surreply, Robinson invokes the *Insular* cases; questions whether the FAA is acting based on Robinson being "Domiciled in one of the Territories of the United States"; newly alleges that "the District Court of the Virgin Islands[] is having difficulty processing the Anglo-Saxon manner of jurisprudence and litigation"; alleges that because he is *pro se* in the Virgin Islands, he may not get "any real justice"; and requests transfer to the District Court of the District of Columbia. (Dkt. No. 52 at 2-3). Because the surreply was filed without leave of court and is an improper vehicle for such new arguments and issues raised for the first time, the Court will disregard these arguments. *See, e.g.*, *Sarker v. Citigroup, Inc.*, 2025 WL 283148 at n.3 (D.N.J. Jan. 7, 2025), *report and recommendation adopted*, 2025 WL 278423 (D.N.J. Jan. 23, 2025) ("The Court exercises its discretion to deny considering Plaintiff's sur-reply, which Plaintiff failed to seek prior leave to file and also improperly raise new arguments."); *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, 2007 WL 1827208 at *2 (D.N.J. June 22, 2007) ("[N]ew arguments cannot be raised by the non-movant in a sur-reply because the moving party does not have an opportunity to respond to newly minted arguments raised in a sur-reply.").

"[A] federal court always has jurisdiction to determine its jurisdiction, even if a defect exists that would otherwise strip any federal court of subject-matter jurisdiction over a case." *Id.* (citation modified).

An attack under Rule 12(b)(1) to a court's subject matter jurisdiction "may be either a facial or a factual attack." *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022). A facial attack "contest[s] the sufficiency of the pleadings." *Id.*; *see also Davis v. Dawgs of St. John, Inc.*, 2022 WL 17735829 at *3 (D.V.I. Dec. 16, 2022) ("A facial attack—as it is denominated—challenges the sufficiency of the jurisdictional allegations in the complaint on their face."). A facial attack requires that a court "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *D'Antonio v. Borough of Allendale*, 2022 WL 10965674 at *2 (3d Cir. Oct. 19, 2022)

In contrast, when considering a factual challenge, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and no presumptive truthfulness attaches to the plaintiff's allegations." *Helton v. United States*, 2022 WL 17496016 at *1 (3d Cir. Dec. 8, 2022). To proceed with a factual challenge, a defendant must file an answer or "otherwise present[] competing facts." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Regardless of the type of challenge—facial or factual—the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567 at *2 (D.N.J. Sept. 30, 2010).

**B. Writ of Mandamus**

District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a "extraordinary remedy," for which a plaintiff seeking mandamus carries the burden to show their "right to issuance of the writ is clear and

5

indisputable." *Buford v. Watts*, 668 F. App'x 404, 406 (3d Cir. 2016). Mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *Semper v. Gomez*, 747 F.3d 229, 251 (3d Cir. 2014). Further, relief is available only to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *U.S. ex rel. Vaso v. Chertoff*, 369 F. App'x 395, 400 (3d Cir. 2010).

A panel of the Third Circuit has treated issues addressing the interpretation of the precise language of Section 1361—*e.g.*, those related to "employee of the United States" and "a duty"— as jurisdictional. *See, e.g.*, *Semper v. Gomez*, 747 F.3d 229, 250 (3d Cir. 2014) ("[A] district court lack[s] jurisdiction over a mandamus claim against the Clerk of the United States Supreme Court[.]"); *Soobzokov v. Attorney Gen. of U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013) ("The allegations made by Soobzokov, taken as true, are insufficient to establish jurisdiction to provide the mandamus relief sought."); *Alvarez v. Raufer*, 2020 WL 1233565 at *2 (E.D. Pa. Mar. 12, 2020) ("Courts tend to treat as jurisdictional the issue of whether Defendants have a nondiscretionary duty."). However, when the mandamus claim is being examined to determine the availability of alternative remedies, a panel of the Third Circuit has opined that Rule 12(b)(6) governs dismissal rather than Rule 12(b)(1). *Charlton v. Comm'r*, 611 F. App'x 91, 95 & n.3 (3d Cir. 2015) ("[Plaintiff] cannot establish an entitlement to mandamus relief, because he cannot show that he has no other remedy at law. . . . [and] has thus failed to state a claim for which mandamus relief can be granted, and dismissal under Rule 12(b)(6) is appropriate.").

### C. Revocation of Airman Certificates

The FAA may issue a revocation order of an individual's airman certificate due to a drug offense conviction. 49 U.S.C. § 44710(b). That same statute provides the individual with judicial review of such order pursuant to Section 46110. *Id.* § 44710(d)(3). Section 46110 mandates that such judicial review will be conducted by the "United States Court of Appeals for the District of

Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 46110(a). Further, a petition for judicial review "must be filed not later than 60 days after the order is issued." *Id.* The only exception to this rule is "if there are reasonable grounds for not filing by the 60th day." *Id.*

Section 46110(a) grants the United States Courts of Appeals exclusive jurisdiction to review FAA revocation orders issued pursuant to 49 U.S.C. § 44710(b). *See, e.g.*, *Robinson v. FAA*, 2016 U.S. App. LEXIS 24019, at *2 (11th Cir. Aug. 30, 2016) ("[W]e have exclusive jurisdiction over [Russell Robinson's] petition for judicial review of the revocation order[.]"); *Kratt v. Garvey*, 342 F.3d 475, 477 (6th Cir. 2003) ("This Court has jurisdiction over this appeal from the NTSB pursuant to 49 U.S.C. § 44710(d)(3), which specifically gives this Court authority to review NTSB orders revoking a pilot's license, and 49 U.S.C. § 46110(a), which generally vests this Court with jurisdiction over petitions for review of an order of the Administrator of the FAA."); *Robinson v. Huerta*, 2017 U.S. Dist. LEXIS 208454, at *2 (S.D. Fla. Dec. 18, 2017) ("Jurisdiction over this matter lies exclusively in the U.S. Courts of Appeals"). A panel of the Third Circuit has similarly concluded that the Courts of Appeals have exclusive jurisdiction pursuant to Section 46110 over challenges to an FAA order:

> [T]he Aviation Act provides that the courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside" orders of the FAA. . . . As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims.

*Fleming v. U.S. Dep't of Transp.*, 348 F. App'x 736, 737 (3d Cir. 2009) (citations and quotations omitted). Finally, another panel of the Third Circuit has held more broadly that "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *In re Contant*, 464 F. App'x 54, 55 (3d Cir. 2012).

7

### D. The Privacy Act

The Privacy Act of 1974 "regulates information about individuals contained within systems of records maintained by federal agencies." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 176 (3d Cir. 2022), *aff'd sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 (2024). "The Privacy Act permits individuals to request amendment of their records and then seek judicial review of an agency's refusal to amend 'any portion thereof which the individual believes is not accurate, relevant, timely, or complete.'" *Campeau v. Soc. Sec. Admin.*, 575 F. App'x 35, 39 (3d Cir. 2014) (quoting 5 U.S.C. § 552a(d)(2)(B)). Additionally, "[w]here a federal agency fails to correct inaccurate information on an individual, the Privacy Act allows for injunctive relief, but not money damages unless the failure is 'intentional or willful.'" *Kirtz*, 46 F.4th at 176 (quoting 5 U.S.C. § 552a(g)(1), (4)).

However, "[t]he Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision." *Jackson v. U.S. Gen. Servs. Admin.*, 729 F. App'x 206, 209 (3d Cir. 2018) (determining that a plaintiff was "not entitled to expungement" of the "references to the criminal charges that were pending against him when he applied for the revenue agent job" because "the records accurately reflected that his employment offer was rescinded based on the fingerprint check"); *see also Sydnor v. Off. of Pers. Mgmt.*, 336 F. App'x 175, 180 (3d Cir. 2009) ("the Privacy Act . . . was not 'designed to permit a collateral attack upon that which has been or could have been the subject of a judicial, quasi-judicial or administrative proceeding.'"). Additionally, would-be jurisdiction under the Privacy Act can be foreclosed by the jurisdictional boundaries of other federal statutes or regulations. *See, e.g.*, *Yu v. U.S. Dep't of Veterans Affs.*, 528 F. App'x 181, n.1 (3d Cir. 2013) ("The [District] Court ultimately decided that it did not have power to hear some of the [Privacy Act] claims asserted because jurisdiction was foreclosed by the Civil Service Reform Act. Its power to decide that it

lacked jurisdiction was part of its jurisdiction to determine its own jurisdiction."); *Rhines v. Holt*, 434 F. App'x 67, 68-69 & n.1 (3d Cir. 2011) (finding a plaintiff's Privacy Act claim that he was "entitled to have the allegedly erroneous prior conviction removed from his prison record" to "lack[] merit" and such action "may also be foreclosed by regulation").

### III. DISCUSSION

Here, Defendants claim they are "bringing a factual attack" on subject matter jurisdiction in their Motion pursuant to Rule 12(b)(1). (Dkt. No. 46 at 6). They allege new facts in their Motion regarding (1) the nature of the documents that Robinson seeks to have corrected and the connection of those documents to the FAA's revocation of Robinson's airman certificate; (2) the time gap between Robinson becoming aware of his claim and his first filing under the Privacy Act; (3) the responses that Robinson received from the FAA to his Privacy Act requests; and (4) Robinson's prior exhaustion of all his administrative remedies. *Id.* 1-4, 9. Defendants have thus fulfilled the requirement to bring a factual attack. *Const. Party of Pa.*, 757 F.3d at 358. Having presented competing facts, Defendants have properly lodged a factual attack. *Id.* Accordingly, in subsequently determining subject matter jurisdiction, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and no presumptive truthfulness attaches to the plaintiff's allegations." *Helton*, 2022 WL 17496016 at *1. The "burden of proving that the court has subject matter jurisdiction" rests with the Plaintiff. *Cottrell*, 2010 WL 3908567 at *2.

Robinson, in turn, claims that Defendants "lied to the court" when they stated that "'Robinson[] is seeking a repair [*sic*] of the revocation of his airman certificate and the only court having jurisdiction is the Court of Appeals.' (words to that effect…this is not exact wording)." (Dkt. No. 50 at 3). Robinson invokes the "Pilot's Bill of Rights" to claim that "any FAA certificate

9

action can be heard in the United States District Court where the affected person resides."[6] *Id.* Robinson further claims that "it is clear" that "the FAA, and as affirmed by NTSB[,] denied Robinson the requested hearing, and utilized Fraud [*sic*] in the administrative processes to issue a revocation of Robinson's airman certificates, by fabricating information the FAA and NTSB claims it got from this very captioned court." *Id.* at 3, 5. However, it is clear from Robinson's own words that he is attempting to use his Privacy Act and Mandamus claims to collaterally attack the FAA and NTSB's prior administrative action as he is alleging "fraud" in the administrative processes and that these agencies "fabricated information." *Id.* This Court lacks subject matter jurisdiction to adjudicate such claims for the reasons discussed below.

### A. Exclusive Jurisdiction of the Courts of Appeals

The Court has previously held that "this Court—as a district court—lacks subject matter jurisdiction over [Robinson's] challenge to the FAA's order revoking his airman certificates" because the Courts of Appeals have "exclusive jurisdiction to review FAA revocation orders issued pursuant to 49 U.S.C. § 44710(a)." *Robinson*, 2023 WL 2563176 at *2-3. The District Court of the District of Columbia similarly held in regard to a separate attack by Robinson on the FAA's

---

[6] Following its passage in 2012, the Pilot's Bill of Rights, which was codified in the notes to 49 U.S.C. § 44703 states that "[u]pon a decision by the National Transportation Safety Board upholding an order or a final decision by the Administrator . . . imposing . . . an emergency order of revocation [under 49 U.S.C. § 44073(d) or (e)] . . . an individual substantially affected by an order of the Board may, at the individual's election, file an appeal in the United States district court in which the individual resides." 49 U.S.C. § 44703 notes. However, there is nothing in the record to suggest that Robinson was affected by an "emergency" order of revocation, nor has Robinson offered any support for the proposition that the Pilot's Bill of Rights would apply retroactively to the 2008 revocation of Robinson's certificate. Finally, Robinson has already elected to file an appeal regarding the NTSB's decision to uphold the FAA's revocation order in the Circuit Court of Appeals for the Eleventh Circuit. *See Robinson v. FAA*, 2016 U.S. App. LEXIS 24019 (11th Cir. Aug. 30, 2016) (denying the appeal as untimely because Robinson "voluntarily discontinued the administrative appeal process in 2008 and took no action regarding the revocation order until 2012"). Thus, Robinson has exhausted the proper appellate channels for the relief that he seeks related to the FAA's revocation of his airman certificate, and the NTSB's affirmation of the same, and any further appeal for the same relief through alternative channels has no foundation.

revocation of his airman certificate: "49 U.S.C. § 46110(a) gives exclusive jurisdiction over FAA administrative revocation orders and claims that are 'inescapably intertwined with review of such orders' to the U.S. courts of appeals." *Robinson v. Huerta*, 123 F.Supp.3d 30, 37 (D.D.C. 2015). There, the Court explained that "a claim is inescapably intertwined if it alleges that the plaintiff was injured by such an order and the court of appeals has authority to hear the claim on direct review of the agency order." *Id.* (citation modified). In that case, the Court found that Robinson's complaint was "inescapably intertwined" with the review of the FAA's order because

> the gravamen of [] Robinson's complaint centers not on constitutional deficiencies in the general procedures established by § 44710, but on the manner in which § 44710 was applied to his individual case and on alleged errors of fact and law contained in the FAA and NTSB orders pertaining to the revocation of his certificates.

*Id.* at 38. The Court therefore held that "[s]uch claims fall within the scope of § 46110(a), and cannot be heard by this Court." *Id.* (citing first *Amerijet Int'l, Inc. v. United States Dep't of Homeland Sec.*, 43 F.Supp.3d 4, 18-20 (D.D.C. 2014) (holding that district court could not hear "as applied" challenge that would require the Court "to evaluate how the agency acted in regard to applying the [disputed regulation] specifically to [the plaintiff]," because "even if not a direct attack on the order itself, [it] is clearly inescapably intertwined with a review of that order"); and then *Gilmore v. Gonzales*, 435 F.3d 1125, 1138 (9th Cir.2006) (holding that plaintiff's due process claim "is 'inescapably intertwined' with a review of the order because it squarely attacks the orders issued by the [agency]," and that plaintiff's "other claims are as-applied challenges as opposed to broad facial challenges" that "arise out of the particular facts of [the plaintiff's] encounter" and therefore "must be brought before the courts of appeals")). The Court then concluded that "Robinson's 'as-applied' claims are inescapably intertwined with the procedures and merits of the order revoking his certificates." *Id.* at 39. This Court finds that analysis and conclusion persuasive.

11

Because "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute," *In re Contant*, 464 F. App'x at 55, this District Court cannot have original jurisdiction over either the revocation order or any claims that are "inescapably intertwined with review of such orders." *Robinson*, 2022 WL 19078165 at n.3 ("The court reasoned that the substance of the plaintiff's claim was 'inescapably intertwined' with review of the FAA's license suspension order—although the plaintiff styled his claim in constitutional terms, he was ultimately challenging the manner in which the FAA officials conducted themselves, and he disputed the administrative law judge's factual conclusions.").

## B. Lack of Jurisdiction under The Privacy Act

Robinson's Privacy Act claims—because they are "inescapably intertwined" with the administrative proceedings related to the revocation of his airman's license—are foreclosed by the exclusive jurisdiction of the Courts of Appeals over judicial review of such administrative proceedings. Courts have declined jurisdiction over Privacy Act claims when "jurisdiction [is] foreclosed by" a competing federal statute. *Yu*, 528 F. App'x at n.1. This determination is part of a District Court's "jurisdiction to determine its own jurisdiction." *Id.* Because the Court of Appeals has exclusive jurisdiction over all claims "inescapably intertwined" with the revocation of Robinson's airman certificate pursuant to 49 U.S.C. § 46110, the District Court cannot exercise jurisdiction over the same.

Moreover, the Privacy Act itself does not confer jurisdiction over Robinson's claims. It is clear that "[t]he Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision." *Jackson*, 729 F. App'x at 209. Further, a "challenge" that constitutes "a collateral attack upon that which has been or could have been the subject of a judicial, quasi-judicial or administrative proceeding" is "outside the scope of the Privacy Act," *Sydnor*, 336 F. App'x at 180.

12

Because Robinson claims that the FAA and NTSB "utilized Fraud [*sic*] in the administrative processes to issue a revocation of Robinson's airman certificates, by fabricating information the FAA and NTSB claims it got from this very captioned court," and now seeks to have that allegedly fabricated information corrected, his claims both seek to alter records that reflect an administrative decision and constitute a collateral attack on an administrative action. (Dkt. No. 50 at 3, 5). Accordingly, for these additional reasons, this Court does not have original subject matter jurisdiction over this matter.[7]

### C. Inapplicability of Writ of Mandamus

Robinson has not demonstrated a "clear and indisputable" right to the "extraordinary remedy" that is the issuance of a Writ of Mandamus. *Buford*, 668 F. App'x at 406. As a matter of jurisdiction, *Alvarez*, 2020 WL 1233565 at *2, mandamus requires the identification of "a legal duty [owed to the Plaintiff] which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *U.S. ex rel. Vaso*, 369 F. App'x at 400.

Agency adjudication is emphatically "not a ministerial act devoid of the exercise of judgment or discretion." *Id.* (denying mandamus to compel the U.S. Citizenship and Immigration Services to adjudicate immigration applications); *see also Heckler v. Ringer*, 466 U.S. 602, 617 (1984) ("The Secretary [of Health and Human Service]'s decision as to whether a particular medical service is 'reasonable and necessary' and the means by which she implements her decision, whether by promulgating a generally applicable rule or by allowing individual adjudication, are clearly discretionary decisions."); *Stehney v. Perry*, 907 F.Supp. 806, 820 (D.N.J. 1995), *aff'd*, 101 F.3d 925 (3d Cir. 1996) ("The Supreme Court has held that 'it should be obvious that no one has a right to a security clearance,' and that revocation of a clearance is a 'discretionary'

---

[7] Because the Court does not have jurisdiction over these claims under the Privacy Act, the Court need not address Defendants' statute of limitations argument under the Privacy Act.

13

action. What plaintiff seeks here is merely an order reversing NSA's decision to revoke her clearance and directing NSA to exercise its discretion in a different way to reach a different outcome. Because plaintiff is not seeking the performance of a non-discretionary, ministerial duty withheld, her claim does not fall within the scope of the Mandamus Act.").

Robinson, by his own words, seeks to challenge the manner in which the FAA and the NTSB conducted the revocation hearing and appeals process, and utilized records to do so. (Dkt. No. 50 at 3, 5 ("it is clear" that "the FAA, and as affirmed by NTSB denied Robinson the requested hearing, and utilized Fraud [*sic*] in the administrative processes to issue a revocation of Robinson's airman certificates, by fabricating information the FAA and NTSB claims it got from this very captioned court.")). This Court does not have the jurisdiction to issue a writ of mandamus to address such a claim, because the writ of mandamus pursuant to 28 U.S.C. § 1361 can only compel the performance of non-discretionary, ministerial duties—which this is not.[8]

## IV.   CONCLUSION

Robinson has not met his burden as Plaintiff of proving that the Court has subject matter jurisdiction as to any of Robinson's claims. The Courts of Appeals have exclusive jurisdiction to review FAA revocation orders and claims inescapably intertwined therewith. This forecloses jurisdiction "in other courts in all cases covered by that statute," *In re Contant*, 464 F. App'x at 55," including pursuant to the Privacy Act. Moreover, jurisdiction would not be appropriate under the Privacy Act because it is clear from Robinson's own words that he seeks to alter records that reflect an administrative decision and collaterally attack the FAA's revocation order, which are outside the scope of the Privacy Act. Finally, the Court does not have jurisdiction to issue a writ

---

[8] Because the Court does not have jurisdiction to issue a writ of mandamus to address these claims, the Court need not address Defendants' exhaustion of administrative remedies argument.

of mandamus in response to these claims because the performance of agency adjudications is not a "non-discretionary, ministerial duty." In sum, there is no avenue by which the Court can exercise subject matter jurisdiction over the instant claims.[9]

In view of the foregoing, the Court will grant Defendants the Federal Aviation Administration and the National Transportation Safety Board's "Motion to Dismiss" (Dkt. No. 45) and dismiss with prejudice Plaintiff Russell Edouard Robinson's "Nunc Pro Tunc Resubmission of Mandamus/FOIA/PA Complaint" (Dkt. No. 4).

An appropriate Order accompanies this Memorandum Opinion.

Dated: February 13, 2026                             _____/s/_____
                                                     WILMA A. LEWIS
                                                     Senior District Judge

---

[9] Because the Court does not have jurisdiction over any of these causes of action, the Court need not address Defendants' sovereign immunity argument.